D. John Ashby, ISB No. 7228
Taylor Barton, ISB No. 11259
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5200
Email: jashby@hawleytroxell.com
tbarton@hawleytroxell.com

Attorneys for Defendant San Joaquin Valley
College, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON SONNE,<br><br>        Plaintiff,<br><br>vs.<br><br>SAN JOAQUIN VALLEY COLLEGE, INC.,<br>a California corporation,<br><br>        Defendant. | Case No. 1:22-cv-00062-DCN<br><br>ANSWER TO AMENDED VERIFIED COMPLAINT |

COMES NOW Defendant San Joaquin Valley College, Inc. ("Defendant"), by and through its counsel of record, Hawley Troxell Ennis & Hawley LLP, and hereby answers Plaintiff Jason Sonne's ("Plaintiff") Amended Verified Complaint ("Complaint") as follows:

**PARTIES, JURISICTION AND VENUE**

1.  Answering paragraph 1 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 1 and therefore denies the same.

ANSWER TO AMENDED VERIFIED COMPLAINT - 1

2.     Answering paragraph 2 of Plaintiff's Complaint, Defendant admits the allegations set forth therein.

3.     Answering paragraph 3 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

4.     Answering paragraph 4 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

5.     Answering paragraph 5 of Plaintiff's Complaint, Defendant asserts that the allegations set forth therein state a legal conclusion to which no response is required.

6.     Answering paragraph 6 of Plaintiff's Complaint, Defendant asserts that the allegations set forth therein state a legal conclusion to which no response is required.

7.     Answering paragraph 7 of Plaintiff's Complaint, Defendant asserts that the allegations set forth therein state a legal conclusion to which no response is required.

**GENERAL ALLEGATIONS**

8.     Answering paragraph 8 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

9.     Answering paragraph 9 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

10.    Answering paragraph 10 of Plaintiff's Complaint, Defendant admits the allegations set forth therein.

11.    Answering paragraph 11 of Plaintiff's Complaint, Defendant admits the allegations set forth therein.

12. Answering paragraph 12 of Plaintiff's Complaint, Defendant admits only that previous graduates have found work as dental hygienists in the Treasure Valley. Defendant denies all allegations in paragraph 12 not expressly admitted herein.

13. Answering paragraph 13 of Plaintiff's Complaint, Defendant admits the allegations set forth therein.

14. Answering paragraph 14 of Plaintiff's Complaint, Defendant admits the allegations set forth therein.

15. Answering paragraph 15 of Plaintiff's Complaint, Defendant admits only that it is subject to procedures promulgated by several regulatory bodies, including the Commission on Dental Accreditation and the American Dental Association. Defendant denies all allegations in paragraph 15 not expressly admitted herein.

16. Answering paragraph 16 of Plaintiff's Complaint, Defendant asserts that the allegations set forth therein state a legal conclusion to which no response is required.

17. Answering paragraph 17 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

18. Answering paragraph 18 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 18 and therefore denies the same.

19. Answering paragraph 19 of Plaintiff's Complaint, Defendant admits only that students are taught local anesthesia techniques by licensed instructors. Defendant denies all allegations in paragraph 19 not expressly admitted herein.

46019.0009.14223569.2

20. Answering paragraph 20 of Plaintiff's Complaint, Defendant admits only that signed treatment plans are required by Defendant. Defendant denies all allegations in paragraph 20 not expressly admitted herein.

21. Answering paragraph 21 of Plaintiff's Complaint and its subparts, Defendant denies the allegations set forth therein.

22. Answering paragraph 22 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

23. Answering paragraph 23 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

24. Answering paragraph 24 of Plaintiff's Complaint, Defendant admits only that Plaintiff tested positive for COVID-19 in or around November or December 2020. Defendant denies all allegations in paragraph 24 not expressly admitted herein.

25. Answering paragraph 25 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

26. Answering paragraph 26 of Plaintiff's Complaint, Defendant admits only that Plaintiff emailed Mike Perry on December 30, 2020 and that Mitch Charles subsequently emailed Plaintiff and that those emails speak for themselves. Defendant denies all allegations in paragraph 26 not expressly admitted herein.

27. Answering paragraph 27 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 27 and therefore denies the same.

28. Answering paragraph 28 of Plaintiff's Complaint, Defendant admits only that Plaintiff sent a resignation letter to Defendant and the letter speaks for itself. Defendant denies all allegations in paragraph 28 not expressly admitted herein.

29. Answering paragraph 29 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 29 and therefore denies the same.

30. Answering paragraph 30 of Plaintiff's Complaint, Defendant admits only that Plaintiff sent a demand letter to Defendant and the letter speaks for itself. Defendant denies all allegations in paragraph 30 not expressly admitted herein.

31. Answering paragraph 31 of Plaintiff's Complaint, Defendant asserts that communications regarding offers to compromise are inadmissible under Idaho Rule of Evidence 408 and therefore no response is required.

32. Answering paragraph 32 of Plaintiff's Complaint, Defendant asserts that communications regarding offers to compromise are inadmissible under Idaho Rule of Evidence 408 and therefore no response is required.

33. Answering paragraph 33 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 33 and therefore denies the same.

34. Answering paragraph 34 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 34 and therefore denies the same.

35. Answering paragraph 35 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 35 and therefore denies the same.

36. Answering paragraph 36 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 36 and therefore denies the same.

37. Answering paragraph 37 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

38. Answering paragraph 38 of Plaintiff's Complaint, Defendant asserts that the allegations set forth therein state a legal conclusion to which no response is required.

## COUNT I
### Constructive Discharge in Violation of Public Policy for Failing to Maintain Safe Work Environment

39. Answering paragraph 39 of Plaintiff's Complaint, Defendant realleges and incorporates herein by reference its answers to paragraphs 1 through 38 of Plaintiff's Complaint.

40. Answering paragraph 41 of Plaintiff's Complaint, Defendant denies the allegations set forth therein

41. Answering paragraph 41 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

42. Answering paragraph 42 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

43. Answering paragraph 43 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

44. Answering paragraph 43 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

45. Answering paragraph 43 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

46. Answering paragraph 43 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

## COUNT II
### Breach of the Covenant of Good Faith and Fair Dealing

47. Answering paragraph 47 of Plaintiff's Complaint, Defendant realleges and incorporates herein by reference its answers to paragraphs 1 through 46 of Plaintiff's Complaint.

48. Answering paragraph 48 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

49. Answering paragraph 49 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

50. Answering paragraph 50 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

51. Answering paragraph 51 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

## COUNT III
### Unjust Enrichment

52. Answering paragraph 52 of Plaintiff's Complaint, Defendant realleges and incorporates herein by reference its answers to paragraphs 1 through 51 of Plaintiff's Complaint.

53. Answering paragraph 53 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

54. Answering paragraph 54 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

55. Answering paragraph 55 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

56. Answering paragraph 56 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

## COUNT IV
## Negligent Infliction of Emotional Distress

57. Answering paragraph 57 of Plaintiff's Complaint, Defendant realleges and incorporates herein by reference its answers to paragraphs 1 through 56 of Plaintiff's Complaint.

58. Answering paragraph 58 of Plaintiff's Complaint, Defendant asserts that the allegations set forth therein state a legal conclusion to which no response is required.

59. Answering paragraph 59 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

60. Answering paragraph 60 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

61. Answering paragraph 61 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

62. Answering paragraph 62 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 62 and therefore denies the same.

## COUNT V
## Vicarious Liability

63. Answering paragraph 63 of Plaintiff's Complaint, Defendant realleges and incorporates herein by reference its answers to paragraphs 1 through 62 of Plaintiff's Complaint.

64. Answering paragraph 64 of Plaintiff's Complaint, Defendant admits only that Plaintiff was an employee of Defendant. Defendant denies all allegations in paragraph 64 not expressly admitted herein.

65. Answering paragraph 65 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

66. Answering paragraph 66 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

67. Answering paragraph 67 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

68. Answering paragraph 68 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

## COUNT VI
### Negligent Supervision

69. Answering paragraph 69 of Plaintiff's Complaint, Defendant realleges and incorporates herein by reference its answers to paragraphs 1 through 68 of Plaintiff's Complaint.

70. Answering paragraph 70 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

71. Answering paragraph 71 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

72. Answering paragraph 72 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

73. Answering paragraph 73 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief for which he prays in his Complaint.

## DEFENSES

The following defenses are not stated separately as to each claim for relief or allegation of Plaintiff. Nevertheless, the following defenses are applicable, where appropriate, to any and all of Plaintiff's claims for relief. In addition, Defendant, in asserting the following defenses, does not admit that the burden of proving the allegations or denials contained in the defenses is upon Defendant but, to the contrary, asserts that by reason of denials and/or by reason of relevant statutory and judicial authority, the burden of proving the facts relevant to many of the defenses and/or the burden of proving the inverse of the allegations contained in many of the defenses is upon Plaintiff. Moreover, Defendant does not admit, in asserting any defense, any responsibility or liability of Defendant but, to the contrary, specifically denies any and all allegations of responsibility and liability in Plaintiff's Complaint.

## FIRST DEFENSE

Plaintiff's Complaint, and each and every claim for relief stated therein, fails to state a claim for which relief may be granted against Defendant.

## SECOND DEFENSE

Plaintiff's claims for damages may be barred or limited to the extent that he failed to mitigate or minimize his damages. Alternatively, any claim for relief must be set off and/or reduced by wages, compensation, pay and benefits, or other earnings, remunerations, profits, and benefits received by Plaintiff.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies.

## FOURTH DEFENSE

Any damage or harm suffered by Plaintiff, which damage or harm Defendant expressly denies, was contributed to, caused by, or resulted from Plaintiff's own actions, inactions, omissions, or misconduct.

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver, estoppel, laches, and/or other equitable defenses.

## SIXTH DEFENSE

Any and all claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or distress, or any disability, are barred and preempted by the exclusivity provision of the Idaho worker's compensation law.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the fact that the acts or omissions of Defendant, if any, were conducted in good faith and with a reasonable belief that such acts and/or omissions, if any, were not in violation of the law.

## EIGHTH DEFENSE

Plaintiff's alleged injuries and/or damages, if any, were not proximately caused by acts or omissions of Defendants, and any injury and/or damages that Plaintiff alleges he suffered, if any, resulted from a cause or causes not legally or proximately related to any act or omission of Defendant.

## NINTH DEFENSE

Plaintiff's alleged damages, if any, were caused by acts both superseding and intervening, and/or omissions of parties and entities other than Defendant over whom Defendant had not control or right of control.

## TENTH DEFENSE

All relevant decisions regarding or affecting Plaintiff made by Defendant were based on legitimate business reasons.

## ELEVENTH DEFENSE

Plaintiff's claims are barred because Plaintiff did not engage in protected activity that would support a claim for wrongful termination of violation of public policy. To the extent that Plaintiff engaged in any protected activity, which Defendant specifically denies, any such protected activity was not a motivating factor of any adverse employment action.

## TWELFTH DEFENSE

Plaintiff's claims against Defendant may be subject to mandatory arbitration.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for entry of judgment as follows:

1. An order dismissing with prejudice each and every claim for relief against Defendant and for a judgment thereon in favor of Defendant against Plaintiff;

2. All costs and attorney fees incurred by Defendant in defending this action, awardable pursuant to applicable rule or statute, including but not limited to Rule 54 of the Federal Rules of Civil Procedure, Idaho Code §§ 12-120 and 12-121, and any other applicable federal or state statute or rule; and

3. Such other and further relief as the Court deems just and necessary.

Dated: February 25, 2022						HAWLEY TROXELL ENNIS & HAWLEY LLP


By /s/ D. John Ashby
    D. John Ashby, ISB No. 7228
    Taylor J Barton, ISB No. 11259
    Attorneys for Defendant San Joaquin Valley
    College, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused to be served a true copy of the foregoing ANSWER TO AMENDED VERIFIED COMPLAINT with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Max T. Williams<br>Jack N. Wagner<br>WILLIAMS LAW GROUP, PLLC<br>*[Attorneys for Plaintiff]* | max@williamslawgroupboise.com<br>jack@williamslawgroupboise.com |

Dated: February 25, 2022

/s/ D. John Ashby
D. John Ashby, ISB No. 7228