D. John Ashby, ISB No. 7228
Taylor Barton, ISB No. 11259
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5200
Email: jashby@hawleytroxell.com
        tbarton@hawleytroxell.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON SONNE,<br><br>        Plaintiff,<br><br>vs.<br><br>SAN JOAQUIN VALLEY COLLEGE, INC., a California corporation,<br><br>        Defendant. | Case No. 1:22-cv-00062-DCN<br><br>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO FILE A RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Defendant San Joaquin Valley College, Inc. ("SJVC"), by and through its counsel of record, Hawley Troxell Ennis and Hawley, LLP, respectfully opposes Plaintiff Jason Sonne's Motion to Extend Time to File a Response to Defendant's Motion for Summary Judgment ("Motion to Extend"). In sum, Plaintiff fails to demonstrate the good cause necessary to excuse his failure to timely respond to SJVC's Motion for Summary Judgment.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND
TIME TO FILE A RESPONSE TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 1

46019.0009.15412254.1

# I. ARGUMENT

Plaintiff's motion for additional time to respond to SJVC's Motion for Summary Judgment should be denied because he fails to show the "good cause" necessary to further extend the deadlines he failed to comply with in this case.

Under District of Idaho, Local Rule 6.1(a), "All requests to extend briefing periods . . . must be in writing and state the specific reason(s) for the requested time extension. Such requests, will be granted only upon a showing of good cause." *See* Loc. Civ. R. 6.1(a); *see also Vasquez v. City of Idaho Falls,* No. 4:16-CV-00184-DCN, 2020 WL 2950347, at *2 (D. Idaho June 3, 2020). In *Vasquez*, this Court declined to find the good cause necessary to grant Plaintiff Vasquez's motion to extend where it found that the plaintiff had notice of the defendant's motion and failed to respond by the deadline. *Id.* at *3.

In this case, Plaintiff's Motion to Extend should likewise be denied as Plaintiff has not demonstrated good cause under Local Rule 6.1(a). As Plaintiff admits in his Motion to Extend, "Plaintiff received notice of Defendant's motion for summary judgment and accompanying affidavits on December 16, 2020, but had not yet received any notice that his deposition testimony was available." *See* Plaintiff's Motion to Extend, ¶ 2. Thus, like the plaintiff in *Vasquez*, it is undisputed that Plaintiff had notice of SJVC's motion for summary judgment. However, despite having notice of the motion for summary judgment, Plaintiff not only failed to file a response by the January 6, 2023 deadline, he also failed to file a motion to extend time. *Id.* at ¶ 4.

The only reason Plaintiff offers for not timely filing a response to the motion for summary judgment is that Plaintiff had not received the transcript of his deposition until January

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND
TIME TO FILE A RESPONSE TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 2

46019.0009.15412254.1

16, 2023. That argument does not establish "good cause" for purposes of granting a motion to extend time for several reasons. First and foremost, SJVC provided Plaintiff with a copy of his deposition transcript when it attached the transcript, in its entirety, to the Declaration of Counsel filed in support of its motion for summary judgment. *See* Dkt. 12-5, Ex. A. Thus, any argument that Plaintiff did not have access to his deposition transcript is not accurate. Further, Plaintiff has not provided any evidence as to what steps he took to request or obtain his deposition transcript from the court reporter prior to or after the January 6, 2023 deadline.

Additionally, Plaintiff has not shown good cause as to why he failed to file a motion to extend time prior to the January 6, 2023 response deadline. Given that Plaintiff had notice of SJVC's Motion for Summary Judgment, and given that the ECF notice clearly identifies the January 6, 2023 response deadline, Plaintiff should have filed his Motion to Extend prior to that deadline, especially if he was waiting on his deposition transcript. He failed to do so. This failure is only further exacerbated by the fact that SJVC's counsel never received any communication from Plaintiff regarding this delay.

## II. CONCLUSION

Plaintiff has not established good cause to extend the deadline for his response to SJVC's motion for summary judgment. Accordingly, SJVC respectfully requests this Court deny Plaintiff's Motion to Extend.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND
TIME TO FILE A RESPONSE TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 3

46019.0009.15412254.1

DATED THIS 24th day of January, 2023.

                                    HAWLEY TROXELL ENNIS & HAWLEY LLP

                                    By */s/ D. John Ashby*_____
                                         D. John Ashby, ISB No. 7228
                                         Attorneys for Defendant

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO FILE A RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

46019.0009.15412254.1

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of January, 2023, I electronically filed the foregoing DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO FILE A RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Max T. Williams | max@williamslawgroupboise.com |
| Jack N. Wagner | jack@williamslawgroupboise.com |
| WILLIAMS LAW GROUP, PLLC | |

*/s/ D. John Ashby*
D. John Ashby

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO FILE A RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

46019.0009.15412254.1