Max T. Williams, ISB #11015
Jack Nicholas Wagner, ISB #11244
WILLIAMS LAW GROUP, PLLC
417 S. 13th Street
Boise, ID 83702
Telephone: (208) 917-1608
Facsimile: (208) 269-3106
info@williamslawgroupboise.com

*Attorneys for Plaintiff Jason Sonne*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON SONNE,<br><br>   Plaintiff,<br><br>vs.<br><br>SAN JOAQUIN VALLEY COLLEGE, INC.,<br>a California Corporation,<br><br>   Defendant. | Case No.  1:22-cv-00062-DCN<br><br>**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO FILE A RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff, Jason Sonne (hereinafter "Plaintiff"), by and through his attorney of record, Max

T. Williams, of Williams Law Group, PLLC, and hereby submits his reply to Defendant, San

Joaquin Valley College Inc.'s (hereinafter "Defendant"), *Opposition to Plaintiff's Motion to*

*Extend Time to File a Response to Defendant's Motion for Summary Judgment* ("Plaintiff's

Motion"). Plaintiff's motion should be granted and be allowed to file his response to Defendant's

*Motion for Summary Judgment* based on the following:

## ARGUMENT

Under the District of Idaho Local Rule 6.1, a moving party seeking to shorten or extend

time must do so by written motion that gives "specific reason(s) for the requested time extension."

*See also*, Fed. R. Civ. P. 6(b)(1). The Court may grant the motion "only upon a showing of good

cause." *Id.* However, "the good cause standard for an extension of time is different if the request for an extension is made prior to the deadline *versus after the deadline*." *Matkin v. Reinke*, 2022 U.S. Dist. LEXIS 45948 at *2 (D. Idaho Apr. 28, 2011) (emphasis added).

When the request to extend is made after the deadline, the Court must use the *excusable neglect* standard. *Id*. In general "a mistake of law does not constitute excusable neglect." *Id*.; *Kyle v. Campbell Soup*, 28 F.3d 928, 932 (9th Cir. 1994). The standard is not rigidly defined but instead applied "to the specific facts" on a case-by-case basis. *Matkin,* 2022 U.S. Dist. LEXIS 45948 at *3) ("The Supreme Court has held that excusable neglect is a flexible and equitable concept based on the specific facts of each case." citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113, S. Ct. 1489 (1993)).[1]

The United States Supreme Court in *Pioneer* laid out the four factors lower courts must consider when assessing excusable neglect: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was in the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pioneer*, 507 U.S. at 395; *Matkin*, 2022 U.S. Dist. LEXIS at *4 (citing *Pioneer*, 507 U.S. at 395). This is not a *per se* rule and the lower courts should "weigh the four equitable factors based on the circumstances presented in each case." *Matkin* at *4; *see Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004).

Plaintiff's Motion should be granted on the grounds of excusable neglect because an extension of time would not unduly delay the proceedings, and it would allow this case to be

---

[1] "However, the Supreme Court went on to state 'inadvertence, ignorance of the rules, or mistakes construing the rules doe not usually constitute 'excusable neglect.'" *Matkin* at *3 (citing *Pioneer*, 507 U.S. at 387).

decided on the merits and not by an unintentional procedural error. Applying the four factors for excusable neglect in *Pioneer* to this case:

1. There is no danger of prejudice to Defendant (non-moving party) because the delay is minor considering this case was originally filed on October 27, 2021, CV01-21-16825, in the Ada County District Court, and removed to this Court on February 22, 2022. With the case being active for roughly 15 months, granting Plaintiff's motion would not prejudice Defendant in anyway.

2. Plaintiff has only requested a short amount of time to file his response to Defendant's summary judgment motion that will not have any significant adverse or prejudicial effect on the proceedings other than a minor delay.

3. Plaintiff's motion was brought in good faith because the delay was unintentionally caused by Plaintiff's counsel having not received his deposition transcripts and failing to request an extension of time prior to the deadline.

   a. The turnaround time from the date of Plaintiff's deposition to Defendant filing its motion for summary judgment was roughly four (4) weeks. After Defendant filed its summary judgment motion, Plaintiff's counsel had not yet received the deposition transcript. Plaintiff's counsel should have, but neglected to, contact M&M Court Reporting Service (the deposition reporter) before the deadline for Plaintiff to respond to get access to the transcript. It was not until January 13, 2023, when Plaintiff's counsel was notified of the passed deadline by this Court, that Plaintiff's counsel immediately realized the deadline to respond had passed. It was on January 16, 2023, when Plaintiff's counsel received communication from M&M

Reporting stating they did not receive a signed deposition by Plaintiff and was submitting an unsigned transcript. Plaintiff's counsel has been working feverishly to complete Plaintiff's response should the Court grant her an extension of time.

b. Since the filing of this Complaint in State Court, its removal to Federal Court, discovery requests between the parties, up to Plaintiff's deposition, the parties had been effectively communicating and complying with the Court's orders. Plaintiff recognizes the seriousness of missing the deadline to respond to Defendant's summary judgment motion and is not being flippant about the situation. But the actions of Plaintiff and his counsel have always been in good faith and Plaintiff's counsel deeply regrets this procedural failing on his part as it was unintentional.

## CONCLUSION

Based on the foregoing argument, Plaintiff respectfully requests this Court grant Plaintiff's *Motion to Extend Time to File a Response to Defendant's Motion for Summary Judgment* for good cause shown and to allow this case to properly be adjudicated on its merits and not on procedural error so that the parties may be equitably heard on the matter of summary judgment.

DATED THIS 27th day of January 2023.

WILLIAMS LAW GROUP, PLLC

/s/ Max T. Williams
Max T. Williams
*Attorney for Plaintiff Jason Sonne*

I hereby certify that on this 27th day of January 2023, the foregoing **REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO FILE A RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was served upon the following parties by the method(s) indicated below:

John Ashby
Hawley Troxell
877 W. Main St., Ste. 1000
PO Box 1617
Boise, Idaho 83701
Tel: (208) 344-6000
email: jashby@hawleytroxell.com
email: tbarton@hawleytroxell.com

☐ Hand Delivery
☐ U.S. Mail, postage prepaid
☐ Facsimile:
☐ E-mail
☒ I-Court ECF

/s/ Max T. Williams
Attorney